APPEAL OF ESTATE OF CHARLES DILLON, EDWARD H. DILLON, EXECUTOR.

Docket No. 4687. Submitted October 26, 1925. Decided April 1, 1926.

The value of certain real estate at the date of the death of the decedent determined.

*Edward T. Quigley*, Esq., for the taxpayer.
*J. S. Halstead*, Esq., for the Commissioner.

Before SMITH, JAMES, LITTLETON, and TRUSSELL.

FINDINGS OF FACT.

Charles Dillon, a citizen and resident of Hartford, Conn., died April 24, 1923. Edward H. Dillon, his brother, was duly appointed and qualified as his executor. He filed a return for Federal estate tax for the estate of the decedent in accordance with the provisions of Title IV of the Revenue Act of 1921. In it he reported the value of the decedent's interest in the premises at 69–71 Pratt Street, in Hartford, as $110,000. The Commissioner determined that the value was $125,000. The executor also reported the value of decedent's one-half interest in certain real estate located at the southeast corner of Main and Temple Streets, in Hartford, as $305,000. The Commissioner determined that the value of this real estate was $337,500.

The Pratt Street property consisted of a regular plot of ground, with a frontage of 25¼ feet on Pratt Street and an average depth of approximately 100 feet. This property was acquired by the decedent in 1898 at a cost of $20,000. At that time an old building was located on the property. This was torn down soon after its purchase by the decedent and the lot was improved by a five-story brick building which cost $18,000 to erect. This building was on the property in 1923. The ground floor was rented for stores and the upper floors were rented as apartments. The gross rentals from the property in 1923 were $9,300, and the expenses were $3,708.43. The assessed valuation at date of decedent's death was $77,500. This property was appraised for the purpose of the succession tax of the State of Connecticut by one Gaffey, appointed by the Court of Probate, at $110,000, and this appraisal was approved and accepted by the court by its decree dated October 1, 1923.

The Main Street property in which the decedent had an undivided one-half interest—the other one-half interest being owned by the executor—is known in business circles as Nos. 904–908 Main Street, and a part of the premises on Temple Street is numbered 41–45 Temple Street. The plot of ground has a frontage of about 45½ feet on Main Street but tapers down to about 38 feet on the inner side, and it runs along Temple Street about 243 feet. On it there is a six-story brick building which was erected in 1893 at a cost of $120,000. In 1910 the entire property was purchased by the decedent and his brother, the executor of his estate, at a cost of $325,000, each brother thereby acquiring an undivided one half interest therein. The building is not modern; the plumbing is old, and in 1923 required frequent repairs; the walls are old and thin, and the cost of repairs to the building is large. The property was assessed by the city at the date of the death of the decedent at $528,000. An appraisal made after decedent's death by the Court of Probate, for the purpose of the Connecticut State succession or inheritance tax, placed the valuation at $610,000, and that of the decedent's one-half interest therein at $305,000. This valuation was approved and accepted by the court by its decree dated October 1, 1923. The gross rentals from the property for 1923 were $39,756, and expenses were $27,916.45, which included the cost of elevator service, janitor service, taxes, heat, water, and lights in the hall. At the date of the death of the decedent the value of the decedent's interest in the Pratt Street property was $110,000, and the value of his one-half interest in the Main Street property was $305,000.

OPINION.

SMITH: This appeal presents three questions for the determination of the Board: (1) Whether the Board has jurisdiction of this appeal in view of the fact that the appeal is filed in the name of " Estate of Charles Dillon, Edward H. Dillon, Executor "; (2) the value of real property located at 69–71 Pratt Street, Hartford, Conn., at April 24, 1923; (3) the value of real property located at the corner of Main and Temple Streets, in Hartford, Conn., at the same date.

It is the contention of the Commissioner that the taxpayer is " Edward H. Dillon, as Executor of the Estate of Charles Dillon," and that the proper party to appeal is the executor and not the estate. With this contention we agree. But it appears to us that it is the executor who has made this appeal. The Board has jurisdiction to entertain it.

With respect to the value of the Pratt Street property at the date of the death of the decedent, April 24, 1923, it is to be noted that this property was appraised by an appraiser, duly appointed by the Court of Probate for Hartford, Conn., for the purpose of the Connecticut State succession tax, at $110,000. In proof of this value the taxpayer

has presented the depositions of six real estate men of the City of Hartford, all of whom appear to be well qualified to express an opinion as to the value of the real estate in question. Their estimates of value run from $103,000 to $111,160. The Commissioner has submitted no evidence in support of his determination of a value of $125,000 for the property.

The appraised value of the Main Street property accepted and adopted by the court of probate was $610,000. The decedent's one-half interest therein was $305,000. The same real estate experts of the City of Hartford have placed estimates upon the value of this property ranging from $591,000 to $611,621. In support of the Commissioner's valuation of $337,500 for the decedent's one-half interest, the Commissioner has presented the deposition of John M. Brady, who testified that in his opinion the property was worth close to $1,000,000 in 1923. He testified that his profession was "real estate." Asked if he had handled much real estate in the business section of Hartford—that is, bought and sold much of it— he replied, "I have not; no." "Q. Have you acted as broker?" "A. Never sold any right here in the center, never have bought any, but I had some experience with that building some years ago." He then testified that a man unknown to him in 1915 and claiming that he represented a Mrs. Kresse or Mrs. Kresge had made an offer for the premises and business of the Dillon Co. of $750,000, of which amount $250,000 was for the business, the tangible assets of which were approximately $75,000. Brady testified that the decedent refused to sell the property for $750,000. Brady did not know the name of the person who made him the offer and the offer was not in writing. Although apparently the Commissioner's determination of a value of $675,000 for the property at the date of the death of the decedent was predicated upon a valuation made by Brady, we are of the opinion that Brady's estimate of value is entitled to little weight. It appears to us that the preponderance of evidence shows a value of the property on April 24, 1923, of not more than $610,000 and that the decedent's one-half interest was worth not more than $305,000.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*